H. DEAN STEWARD
SBN 85317
107 Avenida Miramar
Ste. C
San Clemente, CA 92672
Telephone: (949) 481-4900
Facsimile: (949) 496-6753

Attorney for Defendant
EDWARD SHOWALTER

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | SA-CR-06-129-AG |
| ) | |
| Plaintiff, ) | NOTICE OF MOTION; MOTION FOR |
| ) | DECLARATORY RELIEF PURSUANT TO |
| v. ) | *SANTOBELLO v. NEW YORK*: BREACH |
| ) | OF PLEA AGREEMENT BY |
| EDWARD SHOWALTER ) | GOVERNMENT; POINTS AND |
| ) | AUTHORITIES; DECLARATION OF |
| Defendant. ) | COUNSEL; EXHIBITS A & B |
| ) | |
| | Date: March 28, 2011 |
| | Time: 9:00 am |

TO: UNITED STATES ATTORNEY ANDRE BIROTTE AND ASST. U.S. ATTORNEY ANDREW STOLPER-

Please take notice that, on the above date and time, as soon as counsel may be heard, the defense will bring the above-captioned motion in the courtroom of the Hon. Andrew Guilford, 411 W. 4th St., #10D, Santa Ana, California.

Dated: Feb. 8, 2011    S./ H. Dean Steward
                       H. Dean Steward
                       Counsel for Defendant Showalter

MOTION

Comes now defendant, together with counsel, and moves this Honorable Court for a declaratory order that the government has breached the plea agreement herein. In turn, the defendant then seeks one of two remedies set out in *Santobello v. New York*, 404 U.S. 257, 262 (1971): withdrawal of his guilty plea, or specific performance and re-sentencing before a different court.

Dated: Feb. 8, 2011           <u>S./ H. Dean Steward</u>
                              H. Dean Steward
                              Counsel for Defendant
                              Edward Showalter

I. Introduction

As the Court is aware, this matter has been returned from the 9th Circuit for re-sentencing, now scheduled for April 25, 2011 at 9:00 AM. The defense here seeks to withdraw the defendant's guilty plea based, inter alia, on *Santobello v. New York*, 404 U.S. 257, 262 (1971), because the government breached the plea agreement herein. In the alternative, defendant seeks specific performance of the plea agreement, and sentencing before a different court.

During the second and final sentencing hearing in this matter, on March 3, 2008, the prosecutor asked the Court to impose a 151 month sentence, being the middle of the Guideline range of 135-168.[1] [See Ex. A", p. 34, a transcript of the March 3, 2008 sentencing hearing]. The Court imposed that 151 month sentence.

This recommendation breached the plea agreement. The government was obligated:

> C) **_To recommend that the defendant be sentenced to the low end_** of the applicable Sentencing Guidelines range provided the range as calculated by the Court provided that the Court [sic] does not depart downward in offense level or criminal history category.
>
> Plea agreement, p. 8, lines 10-14, attached as Ex. "B" [emphasis added]

---

[1] The defense did not and does not agree that this is the correct Guideline range. However, this is the range that the Court found during the March, 2008 sentencing hearing.

3

II. Government Breached Plea Agreement

The government, during sentencing on March 3, 2008 clearly violated the plea agreement. The prosecution was obligated to recommend low end, 135 months. For whatever reason, the prosecutor recommended 151 months, a clear and unequivocal breach. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, ... such promise must be fulfilled." *Santobello,* supra, at 262, accord: *U. S. v. De La Fuente*, 8 F.3d 1333, 1340 (9th Cir.1993).

"[P]lea agreements are contractual in nature and are measured by contract law standards." *Id.* at 1337 (quoting *U.S. v. Keller,* 902 F.2d 1391, 1393 (9th Cir.1990)). "In construing the terms of an agreement and the parties' obligations under it, the courts generally employ traditional contract principles." G. Nicholas Herman, *Plea Bargaining*, § 10:04, at 190 (1997).

III. Remedies

In *Santobello*, supra, the Supreme Court addressed the potential remedies after a finding of a breach of a plea agreement by the prosecution:

> "The ultimate relief to which petitioner is entitled we leave to the discretion of the ... court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case

4

> petitioner should be re-sentenced by a different judge, or whether, in the view of the ... court, the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw his plea of guilty. We emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not on the sentencing judge." *Id.* at 263.

See also *U.S. v. Camper* 66 F.3d 229, 233 (9th Cir. 1995), (*"*Our remand for re-sentencing before a different judge in no way implies criticism of the sentencing judge. Rather, it is done simply to insure compliance with the plea agreement."*)*; *U.S. v. Turner* 951 F.2d 364 (9th Cir. 1991); *U.S. v. Partida-Parra* 859 F.2d 629, 633 (9th Cir. 1988).

IV. Conclusion

Under *Santobello*, the remedies are either 1.) withdrawal of the guilty plea, or 2.) specific performance and re-sentencing by a different court. Defendant seeks an order finding that the government has, in fact, breached the plea agreement herein. He then seeks to withdraw his guilty plea. In the alternative, he seeks specific performance and sentencing before a different court.

Dated: Feb. 8, 2011     s./ H. Dean Steward

                             H. Dean Steward
                             Counsel for Defendant
                             Edward Showalter

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C., San Clemente, CA 92672.

I am not a party to the above entitled action. I have caused, on Feb. 8, 2011, service of the defendant's:

**NOTICE MOTION; MOTION FOR DECLARATORY RELIEF**

on the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA ANDREW STOLPER**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on FEB. 8, 2011

s./ H. Dean Steward

6