1 | DEBRA WONG YANG
United States Attorney
2 | WAYNE R. GROSS
Assistant United States Attorney
3 | Chief, Santa Ana Branch Office
ANDREW STOLPER
4 | Assistant United States Attorney
(Cal. State Bar # 205462)
5 |    Ronald Reagan Federal Bldg. and U.S. Courthouse
     411 West Fourth Street, Suite 8000
6 |    Santa Ana, California 92701
     Telephone:  (714) 338-3593
7 |    Email: Andrew.Stolper@usdoj.gov

8 | Attorneys for Plaintiff
UNITED STATES OF AMERICA

9

10                     UNITED STATES DISTRICT COURT

11              FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,      ) No. SA CR 04-
12                             )
              Plaintiff,       ) PLEA AGREEMENT FOR DEFENDANT EDWARD
13                             ) SHOWALTER
              v.               )
14                             )
EDWARD SHOWALTER,              )
15                             )
              Defendant.       )
16                             )
_____)

17
       1.    This constitutes the plea agreement between EDWARD
18
SHOWALTER ("defendant") and the United States Attorney's Office
19
for the Central District of California ("the USAO") in the above-
20
captioned case.  This agreement is limited to the USAO and cannot
21
bind any other federal, state, or local prosecuting,
22
administrative or regulatory authorities.  This agreement
23
supercedes the previously filed plea agreement.
24
                              PLEA
25
       2.    Defendant gives up the right to indictment by a grand
26
jury and agrees to plead guilty to an information in the form
27
attached to this agreement or a substantially similar form.
28

NATURE OF THE OFFENSE

3.    In order for defendant to be guilty of the indictment which charges a violation of Title 18, United States Code, Section 1343, the following must be true:  (a) defendant must have knowingly participated in a scheme to defraud or to obtain money or property by means of false pretenses, representations or promises; (b) defendant must have acted with the intent to defraud; and (c) defendant must have used or caused others to use interstate wires in furtherance of this scheme.  Defendant admits that defendant is, in fact, guilty of this offense described in the indictment.

PENALTIES AND RESTITUTION

4.    The statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 1343 is: 20 years imprisonment; a 3 year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense; and a mandatory special assessment of $100.

5.    Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.  Defendant understands that if defendant is presently on probation, parole, and/or supervised release in another case, the conviction in this case

0022

1  may result in revocation of such probation, parole, and/or

2  supervised release.

3      6.  Defendant understands that defendant will be ordered to

4  pay full restitution to the victim of the offenses.  Defendant

5  agrees that, in return for the USAO's compliance with its

6  obligations under this agreement, the amount of restitution is

7  not restricted to the amounts alleged in the count to which

8  defendant is pleading guilty and may include losses arising from

9  charges not prosecuted pursuant to this agreement as well as all

10  relevant conduct in connection with those charges.  The parties

11  do not currently know how much restitution is.  Defendant further

12  agrees that defendant will not seek the discharge of any

13  restitution obligation, in whole or in part, in any present or

14  future bankruptcy proceeding.

15      7.  Defendant also understands that, by pleading guilty,

16  defendant may be giving up valuable government benefits and

17  valuable civic rights, such as the right to vote, the right to

18  possess a firearm, the right to hold office, and the right to

19  serve on a jury.

20      8.  Defendant further understands that the conviction in

21  this case may subject defendant to various collateral

22  consequences, including but not limited to, deportation,

23  revocation of probation, parole, or supervised release in another

24  case, and suspension or revocation of a professional license.

25  Defendant understands that unanticipated collateral consequences

26  will not serve as grounds to withdraw defendant's plea of guilty.

27                          FACTUAL BASIS

28      9.  Defendant and the USAO agree and stipulate to the

                              3

0023

1    statement of facts provided below.  This statement of facts

2    includes facts sufficient to support a pleas of guilty to the

3    charges described in this agreement.  It is not meant to be a

4    complete recitation of all facts relevant to the underlying

5    criminal conduct or all facts known to defendant that relate to

6    that conduct:

7        Defendant Edward Showalter ("defendant") owned a company

8    called High Park Investments.  High Park Investments was a real-

9    estate investment company that took in over $15 million in

10   investor's money.  Defendant represented to investors that their

11   money was to be invested in specific properties.

12       Defendant, acting with the intent to defraud, diverted the

13   money he obtained from investors for a variety of uses, including

14   other investments, High Park operating expenses, and personal

15   use.  As a result of this scheme defraud, Defendant victimized at

16   least 10 people an caused a loss of at least $1 million but not

17   more than $20 million.

18       As part of defendant's scheme to defraud, defendant caused a

19   interstate wiring from Washington Mutual Bank in California to

20   Bank of China, in New York, on or about June 6, 2005.

21              WAIVER OF CONSTITUTIONAL RIGHTS

22       10.  By pleading guilty, defendant gives up the following

23   rights:

24           a)   The right to persist in a plea of not guilty.

25           b)   The right to a speedy and public trial by jury.

26           c)   The right to the assistance of legal counsel at

27   trial, including the right to have the Court appoint counsel for

28   defendant for the purpose of representation at trial.  In this

4

0024

1    regard, defendant understands that, despite his or her plea of

2    guilty, he or she retains the right to be represented by counsel

3    - and, if necessary, to have the court appoint counsel if

4    defendant cannot afford counsel - at every other stage of the

5    proceedings.

6         d)    The right to be presumed innocent and to have the

7    burden of proof placed on the government to prove defendant

8    guilty beyond a reasonable doubt.

9         e)    The right to confront and cross-examine witnesses

10   against defendant.

11         f)    The right, if defendant wished, to testify on

12   defendant's own behalf and present evidence in opposition to the

13   charges, including the right to call witnesses and to subpoena

14   those witnesses to testify.

15         g)    The right not to be compelled to testify, and, if

16   defendant chose not to testify or present evidence, to have that

17   choice not be used against defendant.   By pleading guilty,

18   defendant also gives up any and all rights to pursue any

19   affirmative defenses, Fourth Amendment or Fifth Amendment claims,

20   and other pretrial motions that have been filed or could be

21   filed.

22                   SENTENCING FACTORS

23     11.   Defendant understands that the Court is required to

24   consider the United States Sentencing Guidelines ("U.S.S.G." or

25   "Sentencing Guidelines") among other factors in determining

26   defendant's sentence.   Defendant understands, however, that the

27   Sentencing Guidelines are only advisory, and that after

28   considering the Sentencing Guidelines, the Court may be free to

0025

1   exercise its discretion to impose any reasonable sentence up to

2   the maximum set by statute for the crimes of conviction.

3       12.   Defendant and the USAO agree and stipulate to the

4   following applicable sentencing guideline factors:

5       Base Offense Level   :    __7__   [U.S.S.G.   §2B1.1]

6

7       Specific Offense
        Characteristics

8       Loss greater than
        $1 million          :    __16__   [U.S.S.G.   §2B1.1(b)(1)(I)]
9

10      More than 10
        victims             :    __2__    [U.S.S.G.   §2B1.1(b)(2)(A)]

11      Violating prior
        injunction          :    __2__    [U.S.S.G.   §2B1.1(b)(8)(C)]
12

13      Leadership          :    __2__    [U.S.S.G.   §3B1.1(c)]

14

15  Defendant and the USAO reserve the right to argue that additional

16  specific offense characteristics and adjustments and departures

17  are appropriate.  Without limiting the preceding sentence, the

18  parties recognize that there may be disagreements as to the

19  appropriate amount of loss, victim and role adjustments.

20      13.   There is no agreement as to defendant's criminal

21  history or criminal history category.

22      14.   The stipulations in this agreement do not bind either

23  the United States Probation Office or the Court.  Both defendant

24  and the USAO are free to: (a) supplement the facts by supplying

25  relevant information to the United States Probation Office and

26  the Court, (b) correct any and all factual misstatements relating

27  to the calculation of the sentence, and (c) argue on appeal and

28  collateral review that the Court's sentencing guidelines

6

0026

1  calculations are not error, although each party agrees to

2  maintain its view that the calculations in paragraph 12 are

3  minimum adjustments consistent with the facts of this case.

4

5                           DEFENDANT'S OBLIGATIONS

6      15.   Defendant agrees:

7           a)    To plead guilty as set forth in this agreement.

8           b)    To not knowingly and willfully fail to abide by

9  all sentencing stipulations contained in this agreement.

10          c)    To not knowingly and willfully fail to: (i) appear

11 as ordered for all court appearances, (ii) surrender as ordered

12 for service of sentence, (iii) obey all conditions of any bond,

13 and (iv) obey any other ongoing court order in this matter.

14          d)    Not to commit any crime; however, offenses which

15 would be excluded for sentencing purposes under U.S.S.G. §

16 4A1.2(c) are not within the scope of this agreement.

17          e)    To not knowingly and willfully fail to be truthful

18 at all times with Pretrial Services, the U.S. Probation Office,

19 and the Court.

20          f)    To pay the applicable special assessment at or

21 before the time of sentencing unless defendant lacks the ability

22 to pay.

23          g)    Complete the USAO OBD-500 financial disclosure

24 form no later than 21-days after defendant enters his guilty

25 plea.

26

27                           THE USAO'S OBLIGATIONS

28     16.   If defendant complies fully with all defendant's

0027

1  obligations under this agreement, the USAO agrees:

2         a)    To abide by all sentencing stipulations contained
3  in this agreement.

4         b)    At the time of sentencing, provided that defendant
5  demonstrates an acceptance of responsibility for the offenses up
6  to and including the time of sentencing, to recommend a two-level
7  reduction in the applicable sentencing guideline offense level,
8  pursuant to U.S.S.G. § 3E1.1, and an additional one-level
9  reduction if available under that section.

10        c)    To recommend that defendant be sentenced to the
11 low end of the applicable Sentencing Guidelines range provided
12 that the range as calculated by the Court provided that the Court
13 does not depart downward in offense level or criminal history
14 category.

15                        BREACH OF AGREEMENT

16    17.   If defendant, at any time between the execution of this
17 agreement and defendant's sentencing on a non-custodial sentence
18 or surrender for service on a custodial sentence, knowingly
19 violates or fails to perform any of defendant's obligations under
20 this agreement ("a breach"), the USAO may declare this agreement
21 breached.   If the USAO declares this agreement breached, and the
22 Court finds such a breach to have occurred, defendant will not be
23 able to withdraw defendant's guilty plea, and the USAO will be
24 relieved of all of its obligations under this agreement.

25    18.   Following a knowing and willful breach of this
26 agreement by defendant, should the USAO elect to pursue any
27 charge or any civil or administrative action that was either
28 dismissed or not filed as a result of this agreement, then:

1    a) Defendant agrees that the applicable statute of

2 limitations is tolled b tween the date of defendant's signing of

3 this agreement and the commencement of any such prosecution or

4 action.

5    b)   Defendant gives up all defenses based on the

6 statute of limitations, any claim of preindictment delay, or any

7 speedy trial claim with respect to any such prosecution or

8 action, except to the extent that such defenses existed as of the

9 date of defendant's signing of this agreement.

10    c) Defendant agrees that: (i) any statements made by

11 defendant, under oath, at the guilty plea hearing; ii) the

12 stipulated factual basis statement in this agreement; and iii)

13 any evidence derived from such statements, are admissible against

14 defendant in any future prosecution of defendant, and defendant

15 shall assert no claim under the United States Constitution, any

16 statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of

17 the Federal Rules of Criminal Procedure, or any other federal

18 rule, that the statements or any evidence derived from any

19 statements should be suppressed or are inadmissible.

20    LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

21    19.  Defendant gives up the right to appeal any sentence

22 imposed by the Court, including any order of restitution, and the

23 manner in which the sentence is determined, provided that (a) the

24 sentence is within the statutory maximum specified above and is

25 constitutional, (b) the Court does not depart upward in offense

26 level or criminal history category, and (c) the Court determines

27 that the total offense level is 26 or below and imposes a

28 sentence within the range corresponding to the determined total

9

0029

1  offense level.  Defendant also gives up any right to bring a

2  post-conviction collateral attack on the conviction or sentence,

3  including any order of restitution, except a post-conviction

4  collateral attack based on a claim of ineffective assistance of

5  counsel, a claim of newly discovered evidence, or an explicitly

6  retroactive change in the applicable Sentencing Guidelines,

7  sentencing statutes, or statutes of conviction.

8       20.   The USAO gives up its right to appeal the Court's

9  Sentencing Guidelines calculations, provided that (a) the Court

10 does not depart downward in offense level or criminal history

11 category and (b) the Court determines that the total offense

12 level is 26 or above.

13

14                    SCOPE OF AGREEMENT

15      21.   The Court is not a party to this agreement and need not

16 accept any of the USAO's sentencing recommendations or the

17 parties' stipulations.  Even if the Court ignores any sentencing

18 recommendation, finds facts or reaches conclusions different from

19 any stipulation, and/or imposes any sentence up to the maximum

20 established by statute, defendant cannot, for that reason,

21 withdraw defendant's guilty plea, and defendant will remain bound

22 to fulfill all defendant's obligations under this agreement.  No

23 one -- not the prosecutor, defendant's attorney, or the Court --

24 can make a binding prediction or promise regarding the sentence

25 defendant will receive, except that it will be within the

26 statutory maximum.

27      22.   This agreement applies only to crimes committed by

28 defendant, has no effect on any proceedings against defendant not

1   expressly mentioned herein, and shall not preclude any past,

2   present, or future forfeiture actions.

3                          NO ADDITIONAL AGREEMENTS

4        23.   Except as set forth herein, there are no promises,

5   understandings or agreements between the USAO and defendant or

6   defendant's counsel.   Nor may any additional agreement,

7   understanding or condition be entered into unless in a writing

8   signed by all parties or on the record in court.

9             PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

10       24.   The parties agree and stipulate that this Agreement

11  will be considered part of the record of defendant's guilty plea

12  hearing as if the entire Agreement had been read into the record

13  of the proceeding.

14       This agreement is effective upon signature by defendant and

15  an Assistant United States Attorney.

16  AGREED AND ACCEPTED

17  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA

18
    Debra Wong Yang
19  United States Attorney

20

21


22  Andrew Stolper                        Date
    Assistant United States Attorney

23
         I have read this agreement and carefully discussed every

24  part of it with my attorney.   I understand the terms of this

25  agreement, and I voluntarily agree to those terms.   My attorney

26  has advised me of my rights, of possible defenses, of the

27  Sentencing Guideline provisions, and of the consequences of

28

                                  11

1   entering into this agreement.  No promises or inducements have

2   been made to me other than those contained in this agreement.  No

3   one has threatened or forced me in any way to enter into this

4   agreement.  Finally, I am satisfied with the representation of my

5   attorney in this matter.

6

7   _____          3/17/06
                                         _____
8   EDWARD SHOWALTER                     Date
    Defendant

9       I am defendant's attorney.  I have carefully discussed every

10  part of this agreement with my client.  Further, I have fully

11  advised my client of her rights, of possible defenses, of the

12  Sentencing Guidelines' provisions, and of the consequences of

13  entering into this agreement.  To my knowledge, my client's

14  decision to enter into this agreement is an informed and

15  voluntary one.

16

17  _____          3/17/06
                                         _____
18  EZEKIEL E. CORTEZ                    Date
    Counsel for Defendant
    EDWARD SHOWALTER

19

20

21

22

23

24

25

26

27

28

12

0032