ANDRÉ BIROTTE JR.
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
ANDREW STOLPER (Cal. Bar No. 205462)
Assistant United States Attorney
    Ronald Reagan United States Courthouse
    411 West Fourth Street
    Santa Ana, California  92701
    Telephone:  (714) 338-3536
    Facsimile:  (714) 338-3708
    E-mail:     Andrew.Stolper@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. SA CR 06-129-AG |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S REQUEST FOR DECLARATORY RELIEF; ATTACHMENTS |
| v. | |
| EDWARD SHOWALTER, | |
| Defendant. | |

1

## I. INTRODUCTION

Defendant Edward Showalter ("defendant") stands convicted of a single count of wire fraud. This conviction results from a guilty plea taken by this Court on September 25, 2006.

Defendant seeks relief premised on a allegation the government breached the plea agreement. Defendant claims that "[d]uring the second and final sentencing hearing in this matter on March 3, 2008"[1] the government recommended a mid-range sentence when the plea agreement entered by the parties required a it to make a low-end recommendation.

Under the plea agreement, the government only had an obligation to recommend a low-end sentence "[i]f defendant complies fully with all defendant's obligations under this agreement." Plea Agreement ¶ 16. Because defendant had not complied fully with his obligations under the plea agreement, and had "repudiated" the agreement," the government's obligation to make a low-end sentencing recommendation never arose.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. The Plea Agreement

Defendant pleaded guilty pursuant to a written plea agreement on June 26, 2006. ("Plea Agreement" or "Plea") (CR 6) (Attachment A.) The Plea Agreement contained mutual obligations that the parties would undertake. Defendant obligated himself to "plead guilty" and "not knowingly and willfully fail to abide by

---

[1] In fact, the government recommended a midrange 151-month sentence in its written sentencing position filed in advance of the hearing. (CR 53.)

all stipulations contained in this agreement." Plea ¶ 15. Included in those "stipulations" defendant agreed to abide by was a "stipulated" factual basis. Id. ¶ 9 ("Defendant and the USAO agree and stipulate to the statement of facts provided below.") Also included was a sentingsing stipulation to a minimum loss amount of one million dollars and at least 10 victims. Id. ¶ 12. ("Defendant and the USAO agree and stipulate to the following applicable sentencing guideline factors: . . .") Defendant also agreed that he was factually guilty of the charges. Id. ¶ 2 ("Defendant admits that defendant is, in fact, guilty of this offense described in the indictment.").

As part of the plea agreement, the government agreed to recommend a low-end sentence only "[i]f the defendant complies fully with all of defendant's obligations under this agreement, the USAO." Id. ¶ 16.

B. <u>Defendant Breaches The Plea Agreement By Declaring Himself Factually Innocent</u>

On April 16 and 17, 2007, defendant filed a motion and supporting declarations seeking to withdraw his guilty plea. Defendant, in his supporting declaration, stated that "I am indeed not guilty of having devised any scheme to defraud any of my lenders." Showalter Declaration ¶ 7 (Attachment B.) This claim contradicts the plea agreement where defendant "admits that defendant is, in fact, guilty of this offense described in the indictment." Plea Agreement ¶ 2. Defendant's declaration also contradicts defendant's stipulated factual basis:

> Defendant, acting with the intent to defraud, diverted the money he obtained from investors for a variety of uses, including other investments, High Park operating expenses, and personal use. As a result of this scheme defraud, Defendant victimized at least 10 people an caused a loss of at least $1 million but not more than $20 million.
>
> As part of defendant's scheme to defraud, defendant caused an interstate wiring from Washington Mutual Bank in California to Bank of China, in New York, on or about June 6, 2005.

Plea ¶ 9. The Court denied defendant's efforts to withdraw his guilty plea, a decision which was later affirmed by the Ninth Circuit.

        C.    <u>Defendant Breaches The Plea Agreement Again By "Repudiating" his Factual Basis and Arguing "There Is No Loss"</u>

Defendant filed his initial sentencing position on October 15, 2007 (CR 51) (Attachment C.) Defendant's sentencing position begins by noting that he "repudiated the factual basis in the plea agreement when he sought to withdraw his guilty plea on April 16, 2007." <u>Id.</u> at 2. Defendant then goes onto argue that "there is no loss" despite stipulating to at least $1 million in loss in the plea agreement. Compare <u>id.</u> at 15 to Plea at ¶¶ 9 and 12 ("As a result of this scheme defraud, Defendant victimized at least 10 people an caused a loss of at least $1 million but not more than $20 million.")

On November 28, 2007, the government filed its sentencing position recommending that defendant be sentenced to 151-months, the mid-point of the guideline range.

4

D.  <u>Defendant's Sentencing Hearings and Appeal</u>

The Court held two sentencing hearings for defendant: one on December 3, 2007 and one on March 3, 2008. At the outset of the first sentencing hearing, defendant's counsel reiterated that "our first and a priori position is there is no loss, that there are no victims." 12/3/2007 RT 11 (Attachment D.)

The government, at both hearings, reiterated its recommendation for a 151-month sentence. At no time during either hearing did defendant claim that the government's recommendation was a breach of the plea agreement which defendant has previously "repudiated."

After being sentenced to 151-months, defendant appealed. On appeal defendant did not claim any breach of the plea agreement.

**III. ARGUMENT**

A.  <u>The Government's Obligation to Recommend a Low-End Sentence Never Arose</u>

As is set forth by defendant's motion, "[p]lea agreements are contractual in nature and are measured by contract law standards." <u>United States v. De La Fuente</u>, 8 F.3d 1333, 1337 (9th Cir. 1993). By the terms of the plea agreement contract, the government's obligation to recommend a low-end sentence arises only "[i]f defendant complies fully with all defendant's obligations under this agreement." Prior to making a sentencing recommendation, defendant had not fully complied with his obligations under the plea agreement. To the contrary, defendant breached those obligations multiple times:

| **Defendant's Position** | **Language In the Plea Agreement** |
|---|---|
| "I am indeed not guilty of having devised any scheme to defraud any of my lenders." Showalter Declaration ¶ 7 (Attachment B) | "Defendant admits that defendant is, in fact, guilty of this offense described in the indictment."  Plea ¶ 2 (Attachment A)<br><br>"Defendant, acting with the intent to defraud, diverted the money he obtained from investors for a variety of uses".  As a result of this scheme defraud, Defendant victimized at least 10 people an caused a loss of at least $1 million but not more than $20 million.  Plea ¶ 9 |
| "Mr. Showalter repudiated the factual basis in the plea agreement when he sought to withdraw his guilty plea on April 16, 2007." Defendant's October 15, 2007 Sentencing Position at 2 (CR 51) (Attachment C.) | "Defendant and the USAO agree and stipulate to the statement of facts provided below." Plea ¶ 9. |

| **Defendant's Position** | **Language In the Plea Agreement** |
|---|---|
| Defendant argues that "there is no loss." Defendant's October 15, 2007 Sentencing Position at 15 (CR 51) (Attachment C.) | "As a result of this scheme defraud, Defendant victimized at least 10 people an caused a <u>loss of at least $1 million</u> but not more than $20 million." Plea ¶ 9<br><br>"Defendant and the USAO agree and stipulate to the following applicable sentencing guideline factors:. . .<u>Loss greater than $1 million</u>." Plea ¶ 12<br><br>"[E]ach party agrees to maintain its view that the calculations in paragraph are minimum adjustments consistent with the facts of this case." Plea ¶ 14<br><br>"To not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement." Plea ¶ 15 |

| **Defendant's Position** | **Language In the Plea Agreement** |
|---|---|
| "Our first and *a priori* position is there is no loss, that there are no victims." 12/3/2007 RT 11 (Attachment D.) | "As a result of this scheme defraud, <u>Defendant victimized at least 10 people an caused a loss of at least $1 million</u> but not more than $20 million."  Plea ¶ 9<br><br>"Defendant and the USAO agree and stipulate to the following applicable sentencing guideline factors:. . . <u>Loss greater than $1 million</u>. . . [and] <u>More than 10 victims</u>." Plea ¶ 12<br><br>"[E]ach party agrees to maintain its view that the calculations in paragraph are minimum adjustments consistent with the facts of this case." Plea ¶ 14<br><br>"To not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement." Plea ¶ 15 |

Under the terms of the plea agreement, the government was obligated to make a low-end sentencing recommendation only if defendant fulfilled his obligations under the plea agreement.  As defendant did not do so, the government's obligation to recommend a low-end sentence never arose.

B.   <u>Defendant Breached the Plea Agreement</u>

In the alternative, the government requests that the Court find that defendant breached the plea agreement prior to filing of the government's initial sentencing position.  Such a finding would make explicit what the parties clearly believed at the time of the first sentencing: that defendant was no longer abiding by

8

the plea agreement and did not expect the government to either.

The plea agreement required the government to have the Court declare a breach prior to being relieved of its obligations under the agreement. Here, because defendant had not fulfilled any of his obligations under the plea agreement the government's position is that its obligation to recommend a low-end sentence never arose. Plea ¶ 16 ("[i]f the defendant complies fully with all of defendant's obligations under this agreement, the USAO agrees" to make certain recommendations including for a low-end sentence). In retrospect, and in an abundance of caution, the government acknowledges that it probably should have asked for the Court to declare that defendant breached the plea agreement when he: (1) repudiated his factual basis; (2) claimed factual innocence; and/or (3) when he took the position that there was no loss and no victims. It now asks for the Court to find that defendant breached the plea agreement prior to the claimed breach by the government for the reasons set forth above.

## IV. CONCLUSION

For the reasons set forth above, defendant's motion should be denied.

Dated: March 4, 2011

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

        /s/
ANDREW STOLPER
Assistant United States Attorney

Attorneys for Plaintiff
United States of America