# ATTACHMENT A

1  DEBRA WONG YANG
   United States Attorney
2  WAYNE R. GROSS
   Assistant United States Attorney
3  Chief, Santa Ana Branch Office
   ANDREW STOLPER
4  Assistant United States Attorney
   (Cal. State Bar # 205462)
5       Ronald Reagan Federal Bldg. and U.S. Courthouse
        411 West Fourth Street, Suite 8000
6       Santa Ana, California 92701
        Telephone:  (714) 338-3593
7       Email: Andrew.Stolper@usdoj.gov

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
9
                    UNITED STATES DISTRICT COURT
10
                 FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
   UNITED STATES OF AMERICA,   ) No. SA CR 04-
12                             )
              Plaintiff,       ) PLEA AGREEMENT FOR DEFENDANT EDWARD
13                             ) SHOWALTER
              v.               )
14                             )
   EDWARD SHOWALTER,           )
15                             )
              Defendant.       )
16                             )
                               )
17  ─────────────────────────── )

18       1.   This constitutes the plea agreement between EDWARD

19  SHOWALTER ("defendant") and the United States Attorney's Office

20  for the Central District of California ("the USAO") in the above-

21  captioned case.  This agreement is limited to the USAO and cannot

22  bind any other federal, state, or local prosecuting,

23  administrative or regulatory authorities.  This agreement

24  supercedes the previously filed plea agreement.

                              PLEA
25
         2.   Defendant gives up the right to indictment by a grand
26
   jury and agrees to plead guilty to an information in the form
27
   attached to this agreement or a substantially similar form.
28

## NATURE OF THE OFFENSE

3.   In order for defendant to be guilty of the indictment which charges a violation of Title 18, United States Code, Section 1343, the following must be true:  (a) defendant must have knowingly participated in a scheme to defraud or to obtain money or property by means of false pretenses, representations or promises; (b) defendant must have acted with the intent to defraud; and (c) defendant must have used or caused others to use interstate wires in furtherance of this scheme.  Defendant admits that defendant is, in fact, guilty of this offense described in the indictment.

## PENALTIES AND RESTITUTION

4.   The statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 1343 is: 20 years imprisonment; a 3 year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense; and a mandatory special assessment of $100.

5.   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.  Defendant understands that if defendant is presently on probation, parole, and/or supervised release in another case, the conviction in this case

2

1  may result in revocation of such probation, parole, and/or
2  supervised release.

3      6.   Defendant understands that defendant will be ordered to
4  pay full restitution to the victim of the offenses.  Defendant
5  agrees that, in return for the USAO's compliance with its
6  obligations under this agreement, the amount of restitution is
7  not restricted to the amounts alleged in the count to which
8  defendant is pleading guilty and may include losses arising from
9  charges not prosecuted pursuant to this agreement as well as all
10  relevant conduct in connection with those charges.  The parties
11  do not currently know how much restitution is.  Defendant further
12  agrees that defendant will not seek the discharge of any
13  restitution obligation, in whole or in part, in any present or
14  future bankruptcy proceeding.

15      7.   Defendant also understands that, by pleading guilty,
16  defendant may be giving up valuable government benefits and
17  valuable civic rights, such as the right to vote, the right to
18  possess a firearm, the right to hold office, and the right to
19  serve on a jury.

20      8.   Defendant further understands that the conviction in
21  this case may subject defendant to various collateral
22  consequences, including but not limited to, deportation,
23  revocation of probation, parole, or supervised release in another
24  case, and suspension or revocation of a professional license.
25  Defendant understands that unanticipated collateral consequences
26  will not serve as grounds to withdraw defendant's plea of guilty.

27                          FACTUAL BASIS

28      9.   Defendant and the USAO agree and stipulate to the

                              3

Attachment A

1   statement of facts provided below.  This statement of facts
2   includes facts sufficient to support a pleas of guilty to the
3   charges described in this agreement.  It is not meant to be a
4   complete recitation of all facts relevant to the underlying
5   criminal conduct or all facts known to defendant that relate to
6   that conduct:

7        Defendant Edward Showalter ("defendant") owned a company
8   called High Park Investments.  High Park Investments was a real-
9   estate investment company that took in over $15 million in
10  investor's money.  Defendant represented to investors that their
11  money was to be invested in specific properties.

12       Defendant, acting with the intent to defraud, diverted the
13  money he obtained from investors for a variety of uses, including
14  other investments, High Park operating expenses, and personal
15  use.  As a result of this scheme defraud, Defendant victimized at
16  least 10 people an caused a loss of at least $1 million but not
17  more than $20 million.

18       As part of defendant's scheme to defraud, defendant caused a
19  interstate wiring from Washington Mutual Bank in California to
20  Bank of China, in New York, on or about June 6, 2005.

21                    WAIVER OF CONSTITUTIONAL RIGHTS

22       10.  By pleading guilty, defendant gives up the following
23  rights:

24            a)   The right to persist in a plea of not guilty.

25            b)   The right to a speedy and public trial by jury.

26            c)   The right to the assistance of legal counsel at
27  trial, including the right to have the Court appoint counsel for
28  defendant for the purpose of representation at trial.  In this

                                4

1  regard, defendant understands that, despite his or her plea of
2  guilty, he or she retains the right to be represented by counsel
3  - and, if necessary, to have the court appoint counsel if
4  defendant cannot afford counsel - at every other stage of the
5  proceedings.

6        d)   The right to be presumed innocent and to have the
7  burden of proof placed on the government to prove defendant
8  guilty beyond a reasonable doubt.

9        e)   The right to confront and cross-examine witnesses
10  against defendant.

11        f)   The right, if defendant wished, to testify on
12  defendant's own behalf and present evidence in opposition to the
13  charges, including the right to call witnesses and to subpoena
14  those witnesses to testify.

15        g)   The right not to be compelled to testify, and, if
16  defendant chose not to testify or present evidence, to have that
17  choice not be used against defendant.   By pleading guilty,
18  defendant also gives up any and all rights to pursue any
19  affirmative defenses, Fourth Amendment or Fifth Amendment claims,
20  and other pretrial motions that have been filed or could be
21  filed.

22                        SENTENCING FACTORS

23        11.   Defendant understands that the Court is required to
24  consider the United States Sentencing Guidelines ("U.S.S.G." or
25  "Sentencing Guidelines") among other factors in determining
26  defendant's sentence.   Defendant understands, however, that the
27  Sentencing Guidelines are only advisory, and that after
28  considering the Sentencing Guidelines, the Court may be free to

                              5

1  exercise its discretion to impose any reasonable sentence up to
2  the maximum set by statute for the crimes of conviction.
3      12.  Defendant and the USAO agree and stipulate to the
4  following applicable sentencing guideline factors:

5  Base Offense Level  :      7      [U.S.S.G.  §2B1.1]

6
7      Specific Offense
       Characteristics
8  Loss greater than
9  $1 million          :     16     [U.S.S.G. §2B1.1(b)(1)(I)]

10 More than 10
   victims             :      2     [U.S.S.G. §2B1.1(b)(2)(A)]

11 Violating prior
   injunction          :      2     [U.S.S.G. §2B1.1(b)(8)(C)]
12

13 Leadership           :      2     [U.S.S.G. §3B1.1(c)]

14

15 Defendant and the USAO reserve the right to argue that additional
16 specific offense characteristics and adjustments and departures
17 are appropriate.  Without limiting the preceding sentence, the
18 parties recognize that there may be disagreements as to the
19 appropriate amount of loss, victim and role adjustments.

20      13.  There is no agreement as to defendant's criminal
21 history or criminal history category.

22      14.  The stipulations in this agreement do not bind either
23 the United States Probation Office or the Court.  Both defendant
24 and the USAO are free to: (a) supplement the facts by supplying
25 relevant information to the United States Probation Office and
26 the Court, (b) correct any and all factual misstatements relating
27 to the calculation of the sentence, and (c) argue on appeal and
28 collateral review that the Court's sentencing guidelines

6

1 | calculations are not error, although each party agrees to
2 | maintain its view that the calculations in paragraph 12 are
3 | minimum adjustments consistent with the facts of this case.
4 |
5 | DEFENDANT'S OBLIGATIONS
6 |    15.   Defendant agrees:
7 |         a)   To plead guilty as set forth in this agreement.
8 |         b)   To not knowingly and willfully fail to abide by
9 | all sentencing stipulations contained in this agreement.
10 |        c)   To not knowingly and willfully fail to: (i) appear
11 | as ordered for all court appearances, (ii) surrender as ordered
12 | for service of sentence, (iii) obey all conditions of any bond,
13 | and (iv) obey any other ongoing court order in this matter.
14 |        d)   Not to commit any crime; however, offenses which
15 | would be excluded for sentencing purposes under U.S.S.G. §
16 | 4A1.2(c) are not within the scope of this agreement.
17 |        e)   To not knowingly and willfully fail to be truthful
18 | at all times with Pretrial Services, the U.S. Probation Office,
19 | and the Court.
20 |        f)   To pay the applicable special assessment at or
21 | before the time of sentencing unless defendant lacks the ability
22 | to pay.
23 |        g)   Complete the USAO OBD-500 financial disclosure
24 | form no later than 21-days after defendant enters his guilty
25 | plea.
26 |
27 | THE USAO'S OBLIGATIONS
28 |    16.   If defendant complies fully with all defendant's

7

Attachment A

1 | obligations under this agreement, the USAO agrees:

2 |         a)    To abide by all sentencing stipulations contained
3 | in this agreement.

4 |         b)    At the time of sentencing, provided that defendant
5 | demonstrates an acceptance of responsibility for the offenses up
6 | to and including the time of sentencing, to recommend a two-level
7 | reduction in the applicable sentencing guideline offense level,
8 | pursuant to U.S.S.G. § 3E1.1, and an additional one-level
9 | reduction if available under that section.

10 |        c)    To recommend that defendant be sentenced to the
11 | low end of the applicable Sentencing Guidelines range provided
12 | that the range as calculated by the Court provided that the Court
13 | does not depart downward in offense level or criminal history
14 | category.

15 |                          BREACH OF AGREEMENT

16 |        17.   If defendant, at any time between the execution of this
17 | agreement and defendant's sentencing on a non-custodial sentence
18 | or surrender for service on a custodial sentence, knowingly
19 | violates or fails to perform any of defendant's obligations under
20 | this agreement ("a breach"), the USAO may declare this agreement
21 | breached.   If the USAO declares this agreement breached, and the
22 | Court finds such a breach to have occurred, defendant will not be
23 | able to withdraw defendant's guilty plea, and the USAO will be
24 | relieved of all of its obligations under this agreement.

25 |        18.   Following a knowing and willful breach of this
26 | agreement by defendant, should the USAO elect to pursue any
27 | charge or any civil or administrative action that was either
28 | dismissed or not filed as a result of this agreement, then:

8

1          a) Defendant agrees that the applicable statute of
2    limitations is tolled between the date of defendant's signing of
3    this agreement and the commencement of any such prosecution or
4    action.

5          b)    Defendant gives up all defenses based on the
6    statute of limitations, any claim of preindictment delay, or any
7    speedy trial claim with respect to any such prosecution or
8    action, except to the extent that such defenses existed as of the
9    date of defendant's signing of this agreement.

10         c) Defendant agrees that: (i) any statements made by
11   defendant, under oath, at the guilty plea hearing; ii) the
12   stipulated factual basis statement in this agreement; and iii)
13   any evidence derived from such statements, are admissible against
14   defendant in any future prosecution of defendant, and defendant
15   shall assert no claim under the United States Constitution, any
16   statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of
17   the Federal Rules of Criminal Procedure, or any other federal
18   rule, that the statements or any evidence derived from any
19   statements should be suppressed or are inadmissible.

20              LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

21         19.   Defendant gives up the right to appeal any sentence
22   imposed by the Court, including any order of restitution, and the
23   manner in which the sentence is determined, provided that (a) the
24   sentence is within the statutory maximum specified above and is
25   constitutional, (b) the Court does not depart upward in offense
26   level or criminal history category, and (c) the Court determines
27   that the total offense level is 26 or below and imposes a
28   sentence within the range corresponding to the determined total

                                   9

1   offense level.  Defendant also gives up any right to bring a
2   post-conviction collateral attack on the conviction or sentence,
3   including any order of restitution, except a post-conviction
4   collateral attack based on a claim of ineffective assistance of
5   counsel, a claim of newly discovered evidence, or an explicitly
6   retroactive change in the applicable Sentencing Guidelines,
7   sentencing statutes, or statutes of conviction.

8      20.  The USAO gives up its right to appeal the Court's
9   Sentencing Guidelines calculations, provided that (a) the Court
10   does not depart downward in offense level or criminal history
11   category and (b) the Court determines that the total offense
12   level is 26 or above.

13

14                     SCOPE OF AGREEMENT

15      21.  The Court is not a party to this agreement and need not
16   accept any of the USAO's sentencing recommendations or the
17   parties' stipulations.  Even if the Court ignores any sentencing
18   recommendation, finds facts or reaches conclusions different from
19   any stipulation, and/or imposes any sentence up to the maximum
20   established by statute, defendant cannot, for that reason,
21   withdraw defendant's guilty plea, and defendant will remain bound
22   to fulfill all defendant's obligations under this agreement.  No
23   one -- not the prosecutor, defendant's attorney, or the Court --
24   can make a binding prediction or promise regarding the sentence
25   defendant will receive, except that it will be within the
26   statutory maximum.

27      22.  This agreement applies only to crimes committed by
28   defendant, has no effect on any proceedings against defendant not

10

1  expressly mentioned herein, and shall not preclude any past,
2  present, or future forfeiture actions.
3              NO ADDITIONAL AGREEMENTS
4      23.  Except as set forth herein, there are no promises,
5  understandings or agreements between the USAO and defendant or
6  defendant's counsel.  Nor may any additional agreement,
7  understanding or condition be entered into unless in a writing
8  signed by all parties or on the record in court.
9          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING
10     24.  The parties agree and stipulate that this Agreement
11 will be considered part of the record of defendant's guilty plea
12 hearing as if the entire Agreement had been read into the record
13 of the proceeding.
14     This agreement is effective upon signature by defendant and
15 an Assistant United States Attorney.
16 AGREED AND ACCEPTED
17 UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
18
   Debra Wong Yang
19 United States Attorney
20
21
22 _____        _____
   Andrew Stolper                 Date
   Assistant United States Attorney
23
24     I have read this agreement and carefully discussed every
25 part of it with my attorney.  I understand the terms of this
26 agreement, and I voluntarily agree to those terms.  My attorney
27 has advised me of my rights, of possible defenses, of the
28 Sentencing Guideline provisions, and of the consequences of

                          11

1  entering into this agreement.  No promises or inducements have

2  been made to me other than those contained in this agreement.  No

3  one has threatened or forced me in any way to enter into this

4  agreement.  Finally, I am satisfied with the representation of my

5  attorney in this matter.

6

7

EDWARD SHOWALTER                    Date 3/17/06

8  Defendant

9      I am defendant's attorney.  I have carefully discussed every

10 part of this agreement with my client.  Further, I have fully

11 advised my client of her rights, of possible defenses, of the

12 Sentencing Guidelines' provisions, and of the consequences of

13 entering into this agreement.  To my knowledge, my client's

14 decision to enter into this agreement is an informed and

15 voluntary one.

16

17

EZEKIEL E. CORTEZ                   Date 3/17/06

18 Counsel for Defendant
   EDWARD SHOWALTER

19

20

21

22

23

24

25

26

27

28

                            12