```
H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753


Attorney for Defendant
EDWARD SHOWALTER
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES,<br><br>         Plaintiff,<br><br>     vs.<br><br>EDWARD SHOWALTER,<br><br>         Defendant. | Case No.  SA-CR-06-129-AG<br><br>RESPONSE TO GOVERNMENT OPPOSITION<br>TO MOTION FOR DECLARATORY RELIEF<br><br>Hearing Date: MARCH 28, 2011<br>Time: 2:00 PM |
|---|---|

Comes now defendant, Edward Showalter, and replies to the government's opposition to his motion for declaratory relief as set out below.

Dated: March 11, 2011           s./ H. Dean Steward
                                     H. Dean Steward
                                     Counsel for Defendant
                                     Edward Showalter

- 1 -

I. SHOWALTER DID NOT BREACH THE PLEA AGREEMENT

The government argues in their opposition that Showalter breached the plea agreement. This is untrue.

First, the government says he breached by asserting factual innocence, in violation of the agreement. But for whatever drafting reason, the plea agreement reads that defendant admits that defendant is, in fact, guilty of this offense described in the ***indictment***." Plea agreement, §2. As the Court is aware, there was no indictment in this case. The sole charging instrument was an information. The government drafted the language of the plea agreement, and they are at fault if this was a drafting error. Defendant did not breach.

Second, the government claims that Showalter breached by asserting that there was no loss. This is also wrong, by the transcript of the final sentencing hearing, and the colloquy between defense counsel and the Court:

The Court: All right. So if I'm hearing you right, you are suggesting certainly a criminal history of 1.

[Defense Counsel] Mr. Miller: Yes, your honor.

The Court: And an offense level of?

Mr. Miller: Twenty nine total.

Sentencing transcript, 3-3-08, p. 10, lines 5-13

- 2 -

1  The Guideline range advocated by defense counsel was therefore 87-
2  108 months, and hardly zero. The government's argument that
3  defendant breached by claiming zero loss is foreclosed by the above
4  discussion.
5       Third, the government claims that Showalter somehow waived his
6  right to claim a breach. Not surprisingly, government counsel cites
7  no cases for this position, and indeed, they cannot.  The plea
8  agreement lacks any discussion of time limits or waivers. The
9  government is saddled with the language and import of that
10 agreement, whether they like it or not.
11      This third point by the government is more than a little of
12 the "pot calling the kettle black". The three arguments above were
13 never brought to the Court's attention until now, and to this day,
14 government counsel has not sought an order from this Court
15 declaring a breach by either party. Certainly, an Assistant U.S.
16 Attorney cannot, on his own, unilaterally declare a breach. *U.S. v.*
17 *Guzman* 318 F.3d 1191, 1196 (10th Cir. 2003), (10th Circuit vacated
18 the sentence after government breach and allowed the withdrawal of
19 the guilty plea).
20      It is important to note that the government does not and
21 cannot dispute that they breached the plea agreement herein. In the
22 government's opposition, they take the position that, because Mr.
23 Showalter breached, it was "okay" for them to breach as well.
24 Stopping that position cold are the clear terms of the agreement- a
25 judicial determination must be made that a breach has occurred,
26 [Plea Agreement, §17, p. 8], and through sentencing in this matter,
27 such a judicial determination was not made. The government was
28 therefore fully bound by the agreement.

## II. WITHDRAWAL OF SHOWALTER'S GUILTY PLEA

The government fails to address the remedy for their admitted breach of the plea agreement. As set out in the original motion, *Santobello* makes it clear that the defendant may withdraw his guilty plea, if he desires. Mr. Showalter wants to withdraw his guilty plea and proceed to trial.

## III. TRANSFER OF THE CASE TO A DIFFERENT JUDGE

The government also fails to address this remedy. As many cases have set out, after a breach by the government in a plea agreement, there is no fault imputed to the court. However, in order to comport with the appearance of fairness, a second judge must conduct a re-trial or complete the sentencing. *U.S. v. Mondragon*, 228 F.3d 978 (9th Cir. 2000); *U.S. v. Canada*, 960 F.2d 263 (1st Cir. 1992); *U.S. v. Vaval*, 404 F.3d 144 (2nd Cir. 2005); *United States v. Rivera*, 357 F.3d 290 (3rd Cir.2004); *U.S. v. Saling*, 205 F.3d 764 (5th Cir. 2000); *United States v. Fitch*, 282 F.3d 364 (6th Cir.2002); *United States v. Cachucha*, 484 F.3d 1266 (10th Cir.2007); *U.S. v. Foster*, 889 F.2d at 1049 (11th Cir. 1989).

In *U.S. v. Reyes* 313 F.3d 1152 (9th Cir. 2002), the Ninth Circuit set out a three part test for determining whether a new judge should preside over trial, re-trial or re-sentencing:

(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected,

(2) whether reassignment is advisable to preserve the appearance of justice, and

(3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. *Id.* at p. 1159.

In *Reyes*, both defendants were allowed to withdraw their guilty pleas, and the Ninth Circuit ordered re-assignment to a different judge. Re-assignment is particularly important under these facts, as the government's breach was the recommendation of a 151 month sentence. This Court, in turn, accepted that recommendation and imposed that sentence, despite Probation's recommendation of 135 months (Page 2, first paragraph, revised recommendation letter to the Court, 3-3-08). The Court found that a 151 sentence was fair and reasonable. The Court should not have to deal with trying to put the 151 sentence aside and out of mind. A new judge should finish sentencing to "preserve the appearance of justice".

IV. THE "HONOR OF THE GOVERNMENT"

Perhaps of over-arching importance is the integrity of the government in their prosecution of citizens. "[W]ith respect to federal prosecutions, the courts' concerns run even wider than protection of the defendant's individual constitutional rights- to concerns for the "honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government." *United States v. Carter*, 454 F.2d 426, 428 (4th Cir.1972). While many years old, the *Carter* case is significant here. The honorable course of action here is for the government to admit their mistake and make it

1  right. Instead, the government's opposition to the original motion
2  tries to make an end run around that honorable course of action.
3  V. CONCLUSION
4      The government must live up to promises they make in plea
5  agreements. *U.S. v. Peglera* 33 F.3d 412, 413 (4th Cir. 1994)[1].
6  "Because a government that lives up to its commitments is the
7  essence of liberty under law, the harm generated by allowing the
8  government to forgo its plea bargain obligations is one which
9  cannot be tolerated." *Id.* at p. 414. Here, government counsel
10 indisputably was required to make a low end 135 month sentence
11 recommendation. They did not live up to that promise.
12     Defendant continues to seek to withdraw his guilty plea under
13 *Santobello v. New York* 404 U.S. 257 (1971), and assignment to a
14 different court. Alternatively, he seeks re-sentencing before a
15 different judge, for the reasons set out above.
16 Dated: 3-11-2011        s./ H. Dean Steward
17                             H. Dean Steward
18                             Counsel for Defendant
19                             Edward Showalter

---

[1] The *Peglera* facts are somewhat similar to those presented here. The government was obligated to recommend a low end sentence and failed to do so, later making a number of rejected arguments. Defendant Peglera's sentence was vacated by the 4th Circuit for *Santobello* violations.

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C., San Clemente, CA 92672.

   I am not a party to the above entitled action. On march 11, 2011, I have caused service of the defendant's:

**REPLY TO GOVT OPPOSITION TO MOTION FOR DECLARATORY RELIEF**

on the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

AUSA ANDREW STOLPER

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 3-11-11

s./ H. Dean Steward